# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAMIRO PONCE-GALVAN,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-cr-02227-H-1<br><br>**ORDER DENYING MOTION TO DISMISS THE INFORMATION**<br><br>[Doc. No. 20.] |

On October 4, 2021, Defendant Ramiro Ponce-Galvan filed a motion to dismiss the information on the basis that 8 U.S.C. § 1326 is unconstitutional under the equal protection component of the Fifth Amendment's Due Process Clause. (Doc. No. 20.) On October 11, 2021, the Government filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 24.) The Court held a hearing on Defendant's motion to dismiss on November 15, 2021. (Doc. No. 26.) For the reasons below, the Court denies Defendant's motion to dismiss the information.

///

///

///

**Background**

On August 5, 2021, the Government filed an information charging Defendant with a single count of attempted reentry by a removed alien (felony) in violation of 8 U.S.C. § 1326 (a) and (b).[1]  (Doc. No. 13.)  The information alleges that on July 8, 2021, Defendant "knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his/her designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States, and not having obtained said express consent to reapply for admission thereto; and committed an overt act to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense." (Id. at 1.)  By the present motion, Defendant moves to dismiss the indictment on the grounds that 8 U.S.C. § 1326 is unconstitutional under the equal protection component of the Fifth Amendment's Due Process Clause.  (Doc. No. 20 at 3-5, 27.)

**Discussion**

Defendant argues that the information should be dismissed because 8 U.S.C. § 1326 violates the equal protection component of the Fifth Amendment.  (Doc. No. 20 at 27.) Specifically, Defendant argues that § 1326 is unconstitutional under Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 254 (1977), because the original illegal reentry law was enacted with a discriminatory purpose and still has a disparate impact.  (Id. at 4.)

The Fifth Amendment of the United States Constitution provides that no person be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." Washington v. Davis, 426 U.S. 229, 239 (1976); see Sessions v.

---

[1]   Defendant waived indictment in open court on August 5, 2021.  (Doc. No. 14.)

Morales-Santana, 137 S. Ct. 1678, 1686 n.1 (2017).  Here, Defendant brings an equal protection challenge to the constitutionality 8 U.S.C. § 1326 under the test set forth in Arlington Heights.[2]  (Doc. No. 20 at 5.)

"Under Arlington Heights, '[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'"  Ramos v. Wolf, 975 F.3d 872, 896 (9th Cir. 2020) (quoting Arlington Heights, 429 U.S. at 265).  "However, a plaintiff asserting an equal protection claim need not 'prove that the challenged action rested solely on racially discriminatory purposes' or even that racial discrimination was 'the "dominant" or "primary"' purpose." Id. (quoting Arlington Heights, 429 U.S. at 265). "Rather, Plaintiffs need only show that racial discrimination was at least 'a motivating factor' for the challenged [action] in order to prevail on their equal protection claim." Id. (quoting Arlington Heights, 429 U.S. at 265-66).

"Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available."  Arlington Heights, 429 U.S. at 266.

> Factors to consider in this inquiry include: the "impact of the official action" and whether it "'bears more heavily on one race than another'"; the "historical background of the decision" and whether it "reveals a series of official actions taken for invidious purposes"; the "specific sequence of events leading up the challenged decision" and whether it departs procedurally or substantively from normal practice; and the "legislative or administrative history" and what it reveals about the purpose of the official action.

Ramos, 975 F.3d at 897 (quoting Arlington Heights, 429 U.S. at 266).

The Court begins its analysis under Arlington Heights by examining the historical background and legislative history of the challenged action.  As an initial matter, the parties

---

[2]   The parties dispute whether the Arlington Heights test is applicable to 8 U.S.C. § 1326 because it is an immigration law.  (See Doc. No. 20 at 7-8; Doc. No. 24 at 4-10.)  The Court need not resolve this dispute because even if the Court applies the Arlington Height test as proposed by Defendant, Defendant has failed to meet his burden under that test.  See supra; see, e.g., United States v. Suquilanda, No. 21 CR 263 (VM), 2021 WL 4895956, at *5 n.3 (S.D.N.Y. Oct. 20, 2021) ("Because the Court would reject [defendant]'s argument under the strict standard of Arlington Heights, the Court need not conclude which level of review applies.").

dispute the relevant background for the Court to examine in evaluating the constitutionality of § 1326. To support his equal protection challenge, Defendant almost entirely relies on historical evidence related to the passage of the "1929 Undesirable Aliens Act." (See Doc. No. 20 at 8-20.) In response, the government argues that Defendant's equal protection challenge fails because the specific legislative action being challenges is 8 U.S.C. § 1326, which was passed in 1952 as part of the Immigration and Nationality Act. (Doc. No. 24 at 11-13.) The Court agrees with the Government.

In arguing that the legislative history of the 1929 Act is relevant to a determination of the constitutionality of the 1952 enactment of § 1326, Defendant relies on the Supreme Court's recent decisions in Ramos v. Louisiana, 140 S. Ct. 1390 (2020), and Espinoza v. Montana Department of Revenue, 140 S. Ct. 2246 (2020). (Doc. No. 20 at 20-22.) But as other courts have found, these cases do not support the contention that the challenged law "should be judged according to legislative history from laws enacted decades before." United States v. Lucas-Hernandez, No. 19MJ24522-LL, 2020 WL 6161150, at *3 (S.D. Cal. Oct. 21, 2020); accord Zepeda, 2021 WL 4998418, at *3 ("[T]he court is unpersuaded that Louisiana and Espinoza support defendant's contention that § 1326 should be judged according to legislative history from laws enacted decades earlier."). Further, both Ramos and Espinoza are easily distinguishable from the present case in that neither case involved an equal protection challenge under an Arlington Heights analysis. See United States v. Hernandez-Lopez, No. CR H-21-440, 2022 WL 313774, at *6 (S.D. Tex. Feb. 2, 2022) ("Neither statute at issue in Ramos nor Espinoza involved an Equal Protection challenge."); Rios-Montano, 2020 WL 7226441, at *4 ("But Ramos and Espinoza, neither of which involved an equal protection challenge, did not hold that the discriminatory motivations of a previous legislature are determinative of the outcome of an Arlington Heights analysis of a law enacted by a subsequent legislature."). As such, the Court rejects Defendant's argument that the legislative history of the repealed 1929 Act is controlling of an analysis of § 1326 under Arlington Heights. See Lucas-Hernandez, 2020 WL 6161150, at *2 ("Defendant's Arlington Heights analysis of § 1325(a)(1) is fatally flawed because it relies

entirely on legislative history from the 1920s, decades before § 1325(a)(1) was enacted."); United States v. Sifuentes-Felix, No. 21-CR-337-WJM, 2022 WL 293228, at *2 (D. Colo. Feb. 1, 2022) ("As countless other courts have found, such evidence bears little weight on Section 1326, which was officially reenacted as a felony offense in 1952 as part of the broader INA.").

"Arlington Heights directs the Court to look at the motivation behind the official action being challenged." United States v. Rios-Montano, No. 19-CR-2123-GPC, 2020 WL 7226441, at *3 (S.D. Cal. Dec. 8, 2020) (citing Arlington Heights, 429 U.S. at 265-67); see United States v. Machic-Xiap, No. 3:19-CR-407-SI, 2021 WL 3362738, at *14 (D. Or. Aug. 3, 2021) ("Arlington Heights and its progeny speak of the government's motivations for the 'challenged action.'"); see also Abbott v. Perez, 138 S. Ct. 2305, 2324 (2018) ("'[P]ast discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful.'"). The official action being challenged is 8 U.S.C. § 1326, not the repealed 1929 Act. The 1952 INA contains the law that was codified as 8 U.S.C. § 1326. Defendant has not submitted to the Court any legislative history or other evidence related to the passage of the 1952 INA.[3] The only evidence in the record pertaining to the passage of the 1952 INA shows that the purpose of the law was to assist in the enforcement of immigration laws. (Doc. No. 24 at 14-15 (citing H. Rep. 82-1365 at 67, 68).) In addition, the Ninth Circuit has explained:

> The text of § 1326 plainly reveals its immigration-regulation purpose. By threatening with criminal prosecution any alien found in the United States who has previously been "excluded, deported, or removed," Congress sought

---

[3]   Defendant argues that the Court should consider and adopt the factual findings of the district court in United States v. Carrillo-Lopez, No. 320CR00026MMDWGC, 2021 WL 3667330 (D. Nev. Aug. 18, 2021), related to the 1952 enactment of the INA. (Doc. No. 20 at 22-23.) The Court declines to do so. See United States v. Sanchez-Felix, No. 21-CR-00310-PAB, 2021 WL 6125407, at *7 n.3 (D. Colo. Dec. 28, 2021) ("[I]t would be inappropriate to adopt the factual findings of another court."); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Further, Carrillo-Lopez "appears to be somewhat of an outlier, as . . . the vast majority of courts that have considered this exact issue have upheld Section 1326." United States v. Suquilanda, No. 21 CR 263 (VM), 2021 WL 4895956, at *5 (S.D.N.Y. Oct. 20, 2021).

> in § 1326 to give teeth to civil immigration statutes and to ensure compliance with civil deportation orders. Indeed, this court has specifically recognized that "8 U.S.C. § 1326 is designed to effectively enforce the immigration laws." It "is a regulatory statute enacted to assist in the control of unlawful immigration by aliens." In fact, it is plain that § 1326 is a necessary piece of the immigration-regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined—all bark and no bite. Because its "clear purpose . . . is to deter aliens who have been forced to leave the United States from reentering the United States," § 1326 is well within the ambit of Congress's sweeping power over immigration matters.

United States v. Hernandez-Guerrero, 147 F.3d 1075, 1078 (9th Cir. 1998) (citations omitted).

Finally, the Court notes that § 1326 "has been modified a number of times since 1952 in order to enhance penalties or otherwise rebalance the deterrent effect of the law." Suquilanda, 2021 WL 4895956, at *5. (See Doc. No. 24 at 16.) Yet Defendant has failed to submit to the Court any legislative history or other evidence related to the passage of these amendments.

In sum, Defendant has failed to establish that racial discrimination was a motivating factor behind the passage of 8 U.S.C. § 1326. As such, Plaintiff's equal protection claim under Arlington Heights fails. See Ramos, 975 F.3d at 896 ("Under Arlington Heights, '[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'"); see also, e.g., Zepeda, 2021 WL 4998418, at *1-3 (rejecting defendant's Arlington Heights equal protection challenge to the constitutionality 8 U.S.C. § 1326); Machic-Xiap, 2021 WL 3362738, at *10-15 (same); United States v. Gutierrez-Barba, No. CR1901224001PHXDJH, 2021 WL 2138801, at *2-5 (D. Ariz. May 25, 2021) (same).

///
///
///

## Conclusion

For the reasons above, the Court denies Defendant's motion to dismiss the information.

**IT IS SO ORDERED.**

DATED: February 16, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT