UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>RAMIRO PONCE-GALVAN,<br><br>                      Defendant. | Case No.: 21-cr-02227-H-1<br><br>**ORDER RE: MOTION IN LIMINE**<br><br>[Doc. Nos. 34, 48.] |

On February 7, 2022, the Government filed a supplemental motion in limine. (Doc. No. 34.) On February 15, 2022, Defendant filed a response to the Government's supplemental motion in limine. (Doc. No. 48.) On February 18, 2022, the Government filed a reply brief. (Doc. No. 52.)

In his response to the Government's supplemental motion in limine, Defendant explains that he seeks to introduce three specific pieces of evidence to support his defense: (1) Agent Garcia-Guillen's notations on an I-213 form that Defendant made a credible fear claim and that Defendant stated that he "fear[s] persecution or torture" if returned to Mexico; (2) a form entitled "information regarding credible fear" and a form listing pro bono legal service providers that Agent Garcia-Guillen provided to Defendant at the time of his arrest; and (3) a photograph of Defendant's brother's death. (Doc. No. 48; see Doc.

1    No. 48-1, Exs. A-D.) The Court will address each of these pieces of evidence in turn below.

2    As to the two notations on the I-213 form, the Court excludes the two notations on
3    the grounds that they are hearsay and none of exceptions to hearsay apply. Defendant
4    argues that the two notations are not hearsay because he is not seeking to introduce them
5    to the truth of the matter asserted (i.e., that Defendant was actually facing torture or
6    persecution in Mexico). (Doc. No. 48 at 2.) The Court rejects this argument as it
7    improperly characterizes what is being asserted by the notations. The two notations assert
8    that following his arrest, Defendant made a credible fear claim to Agent Garcia-Guillen
9    and Defendant told him that he feared persecution or torture if returned to Mexico.
10   Defendant is seeking to introduce the notations to support to truth of those assertions (i.e.
11   that he did indeed make these statements to Agent Garcia-Guillen following his arrest). As
12   such, the two notations are hearsay.

13   Defendant argues that even if they are hearsay, the notations are admissible under
14   Federal Rule of Evidence 803(3) as a statement of his then existing state of mind. (Doc.
15   No. 48 at 2.) The Court rejects this argument. The Ninth Circuit "has identified three
16   factors bearing on the 'foundational inquiry on admissibility' under Rule 803(3):
17   contemporaneousness, chance for reflection, and relevance." United States v. Emmert, 829
18   F.2d 805, 810 (9th Cir. 1987). The Ninth Circuit has explained: "[A] state of mind
19   declaration has probative value, because the declarant presumably knows what his thoughts
20   and emotions are at the time of his declarations." United States v. Ponticelli, 622 F.2d 985,
21   991 (9th Cir. 1980), overruled on other grounds by United States v. De Bright, 730 F.2d
22   1255, 1259 (9th Cir. 1984). In addition, a state of mind declaration has probative value
23   when "the declarant presumably has no chance for reflection and therefore for
24   misrepresentation." Id. "Where state of mind itself is in issue, the court must determine if
25   the declarant's state of mind at the time of the declaration is relevant to the declarant's state
26   of mind at the time at issue." Id.

27   Defendant is seeking to introduce the two notations as proof of Defendant's state of
28   mind when he crossed the border and at the time of his arrest. (Doc. No. 48 at 2.) Cf.

United States v. Lombera-Valdovinos, 429 F.3d 927, 929 (9th Cir. 2005).  The problem with this is that the notations do not reflect statements Defendant made at that time.  Rather, the notations reflect statements that Defendant made hours after his arrest.  As such, the statements reflected in the notations are not sufficiently contemporaneous with the purported state of mind at issue, and, thus, Rule 803(3) does not apply.  See Ponticelli, 622 F.2d at 991; Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir. 1995) ("[T]o qualify under either exception, an out-of-court statement must be nearly contemporaneous with the incident described and made with little chance for reflection." (citing Ponticelli, 622 F.2d at 991)).

Defendant also argues that the notations are admissible under Federal Rule of Evidence 803(8)(iii). (Doc. No. 48 at 2.)  The Court rejects this argument.  Rule 803(8)(iii) provides an exception to the rule against hearsay: "in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation."  Fed. R. Evid. 803(8)(iii).  The notations in the I-213 form do not constitute "factual findings," and Defendant has not provided the Court with any authority to the contrary.

As to the "information regarding credible fear" form and the form listing pro bono legal service providers, the Court excludes this evidence under Federal Rules of Evidence 401 and 403 and as hearsay.  Defendant has failed to adequately explain how standard forms that Agent Garcia-Guillen gave to Defendant hours after his arrest would be probative of Defendant's state of mind when he crossed the border and at the time of his arrest.

In addition, the Court notes that the probative value of the credible fear claim evidence at issue that Defendant seeks to introduce has been minimized by the parties agreeing to the following stipulation:

(1)  During preliminary post-arrest processing, Agent Garcia-Guillen asked Defendant whether he has a fear of returning to Mexico.

(2)  Defendant stated yes.

(3)  Agent Garcia-Guillen was not required to and did not inquire further.

(Doc. No. 52 at 5.)

As for the photograph, the Court excludes the graphic photograph of Defendant's brother's death pursuant to Federal Rule of Evidence 403 because the probative value of the image is substantially outweighed by the risk of unfair prejudice. The Court notes that the image depicts a gruesome scene, and the probative value of the image is diminished because Defendant was able to call a witness at trial to testify regarding his brother's death in an effort to corroborate Defendant's theory of the case.

**IT IS SO ORDERED.**

DATED: February 18, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT